# EXHIBIT A

16cv10573
RGS

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

STOUGHTON DISTRICT COURT
Docket Number: 2016 CV 47

KATE O'REILLY,

    PLAINTIFF

VS:

COMPLAINT

ENHANCED RECOVERY COMPANY, LLC,
I.C. SYSTEM, Inc., and TARGET
CORPORATION,

    DEFENDANTS

## COMPLAINT

Comes now Plaintiff, Kate O'Reilly (hereinafter "Plaintiff"), by and through her attorney, Elizabeth Shealy, Esq., for her Complaint against Defendants, Enhanced Recovery Company, LLC, I.C. System, INC., and Target Corporation, and states as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

FEB 12 2016

RECEIVED
STOUGHTON DISTRICT COURT
FEB 03 2016
CLERK MAGISTRATE

## PARTIES

2. Plaintiff, KATE O'REILLY, is an individual residing at 396 WEST MAIN STREET, AVON, MA 02322, County of NORFOLK, Commonwealth of Massachusetts.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant ENHANCED RECOVERY COMPANY, LLC. ("Enhanced Recovery"), is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 8014 BAYBERRY ROAD, JACKSONVILLE, FL 32256. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant I.C. SYSTEM, INC. ("IC"), is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 444 E. HIGHWAY 96, ST. PAUL, MN 55127. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant TARGET CORPORATION ("Target"), is a business entity with a usual place of business at 1680 CAPITAL ONE DRIVE, MCLEAN, VA, 22102.

## FACTUAL ALLEGATIONS

7. On August 17, 2015, Plaintiff and IC, on behalf of Target, entered into a settlement agreement for the above referenced account. The settlement letter is attached herein as Exhibit A.

8. Pursuant to the terms of the settlement, Plaintiff was required to make six monthly payments totaling $1,480.00 to settle and close her Target account.

9. Thus, IC and Target acknowledged in writing that they had agreed to a settlement on Plaintiff's Target account, in consideration of the six payments which Plaintiff would be required to make.

10. Beginning on August 28, 2015, and continuing onward, Plaintiff, via her debt settlement company, National Debt Relief ("NDR"), timely made requisite monthly payments pursuant to the settlement.

11. However, IC and Target accepted and cashed only the first payment and refused to accept any future payments. Proof of this payment is attached herein as Exhibit B.

12. Thereafter, on October 21, 2015, NDR contacted IC to resolve the payment discrepancy. IC representative Lisa Diamond explained that this account was recalled by Target on August 30, 2015 and was currently assigned to Enhanced Recovery.

13. Later that day, NDR contacted Enhanced Recovery and spoke to a representative named Diana, who advised that the settlement agreement with IC would not be honored and that the account needed to be renegotiated.

## CAUSES OF ACTION
## BREACH OF CONTRACT

14. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

15. Target and IC acknowledged in writing that they had agreed to a settlement with Plaintiff, in consideration of monthly payments, which Plaintiff would be required to make.

16. Plaintiff made the first of the required monthly payments, in accordance with the agreement. IC accepted and cashed the first timely payment but refused to accept the following timely payments.

17. IC and Target reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

18. As a result, Plaintiff has suffered actual and monetary damages.

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

19. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

20. By reason of the foregoing, Target and IC breached the implied covenant of good faith and fair dealing implicit in their settlement agreement with Plaintiff.

21. As a result, Plaintiff has suffered actual and monetary damages.

**FAIR DEBT COLLECTION PRACTICES ACT**

22. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

23. The above contacts between IC and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

24. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt. IC violated this provision by deceptively agreeing to a settlement with Plaintiff which they intended to breach and did breach.

25. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. Enhanced Recovery violated the above provisions when it tried to collect on the original balance from Plaintiff despite being aware that the account was already settled and had a settlement balance of only $1,235.00.

26. Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

27. As a result of the above violations of the FDCPA, IC and Enhanced Recovery are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment in the sum of $12,500 be entered against Defendants as follows:

(a) That judgment be entered against Target and IC for actual and monetary damages accrued by Plaintiff as a result of their breach of contract;
(b) That judgment be entered against Target and IC for actual and monetary damages accrued by Plaintiff as a result of their breach of the implied covenant of good faith and fair dealing;
(c) That judgment be entered against IC and Enhanced Recovery for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
(d) That judgment be entered against IC and Enhanced Recovery for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and
(f) That the Court grant such other and further relief as may be just and proper.

KATE O'REILLY
By her attorney



Elizabeth Shealy, Esq./BBO# 658015
86 Preston Drive
Cranston RI 02910
(401) 556-0324
ewshealy@gmail.com

---

Target Receiving   LKS
(612) 761-0056
PLAZA

TO: **TPS 31 Legal Team**
Recipient SUE CARLSON
Sender: SUBPEONA
Carrier: Bullseye
1                    3/4/2016 12:46:57 PM

SCLM5VUWOUAX

# EXHIBIT A

# EXHIBIT A

# REDACTED

8/17/2015 11:05:57 AM   PAGE   1/002   Fax Server

"The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed below and no one else. If you are not the intended recipient or the employee or agent responsible to deliver this message to the intended recipient, please do not use this transmission in any way, but contact the sender by telephone."



I.C. SYSTEM, INC.
444 E. Highway 96
St. Paul, MN 55127
Fax # 651-204-1256

Faxed August 17, 2015 at 11:05 AM

Kate O'Reilly
396 W Main St
Avon, MA 02322

RE:   Settlement Offer: $ 1480.00
      Reference Number:
      Creditor:TARGET CORPORATE SERVICES
      Creditor Account #:
      Balance as of 8/17/15  $3698.34

Dear Kate O'Reilly,

This letter is to confirm the offer to settle your TARGET CORPORATE SERVICES account for the reduced amount of $1480.00 if funds are received at I.C. System by the terms listed below. This account will then be listed as settled in full.

If these conditions listed below are not adhered to, I.C. System reserves the right to resume collection on the remaining balance of $3698.34.

Terms:

| Payment(s) | Amount | Due Date | Method of Delivery |
|---|---|---|---|
| 1 | $245.00 | 8/28/15 | Check by Phone |
| 2 | $247.00 | 9/28/15 | Check by Phone |
| 3 | $247.00 | 10/28/15 | Check by Phone |
| 4 | $247.00 | 11/28/15 | Check by Phone |
| 5 | $247.00 | 12/28/15 | Check by Phone |
| 6 | $247.00 | 1/28/16 | Check by Phone |

If you have any questions, please call 866-852-6582. Calls may be monitored and recorded. We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Sincerely,

*Beth Brown*
Beth Brown

If more than $600.00 of this debt is cancelled, our client may be required to notify the Internal Revenue Service on form 1099c as other income.

8/17/2015 11:05:57 AM PAGE 2/002 Fax Server

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of rights consumers have under state and federal law.

### California:
"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Telephone calls to or from our General Offices are randomly monitored by supervisory personnel for business reasons not directly related to your account."

### Colorado:
"FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca"A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt."
Local office and local phone: 8310 South Valley Hwy Suite 300, Englewood, CO 80112
Local Phone No.: 303-524-1050

### Maine:
Hours: Mon – Fri 8:00 AM – 4:30 PM CST

### Massachusetts:
Hours: Mon – Fri 8:00 AM – 4:30 PM CST
"Notice Of Important Rights:
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector."

### Minnesota:
"This collection agency is licensed by the Minnesota Department of Commerce."

### New York City:
"New York City Department of Consumer Affairs License Number 0908324, 1266437, and 1266469"

### North Carolina:
"North Carolina Permit Nos. 20, 4476, and 101368"

### Tennessee:
"This collection agency is licensed by the Collection Services Board of the Department of Commerce and Insurance."

### Washington:
Local address: 512 Bell Street, Edmonds, WA 98020-3147

### Wisconsin:
"This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org".
Local address: 301 Sand Lake Road, Onalaska, WI 54650

# EXHIBIT B

# REDACTED

